UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>TRI-COUNTY ROOFING, INC. PALMETTO POINTE AT PEAS ISLAND CONDOMINIUM PROPERTY OWNERS ASSOCIATION, INC. AND JACK LOVE, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Defendants. | CIVIL ACTION NO: 2:19-cv-01312-MBS<br><br>**Amended Complaint**<br>**(Declaratory Judgment Action)**<br>**(Jury Trial Demanded)** |

NOW COMES Plaintiff, BUILDERS MUTUAL INSURANCE COMPANY, by and through its attorneys, and for its Complaint against TRI-COUNTY ROOFING, INC. AND PALMETTO POINTE AT PEAS ISLAND CONDOMINIUM PROPERTY OWNERS ASSOCIATION, INC. AND JACK LOVE, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, alleges as follows:

**Parties**

1. Plaintiff, Builders Mutual Insurance Company ("Builders Mutual"), is an insurance company organized and existing under the laws of State of North Carolina and has its principal place of business in Raleigh, North Carolina.

1

2. Defendant Tri-County Roofing, Inc. ("Tri-County Roofing") is a corporation organized and existing under the laws of the State of South Carolina and has a principal place of business, on information and belief, in Charleston County, South Carolina.

3. Defendant Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. ("Palmetto Pointe") is a corporation organized and existing under the laws of the State of South Carolina and is the horizontal property regime for a townhome/condominium development in Charleston County, South Carolina.

4. Defendant, Jack Love, individually, and on behalf of all others similarly situated ("Love") is, on information and belief, a person and resident of Charleston County, South Carolina and is the purported class representative, in a civil action, of a class of homeowners that own units in the buildings at the Palmetto Pointe at Peas Island development in Charleston County, South Carolina.

**Jurisdiction and Venue**

5. The Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the action is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs and interests.

6. Venue is proper in the Charleston Division of the United States District Court of the District of South Carolina pursuant to 28 U.S.C. §1391 because Defendants reside in Charleston County, South Carolina and the Palmetto Pointe at Peas Island development is located in Charleston County, South Carolina.

**For a Cause of Action**
**(Declaratory Judgment)**

7. Builders Mutual issued insurance policies with commercial general liability coverage to Tri-County Roofing for the following periods: 1) CPP 0035981 00 - 07/24/2009 to

07/24/2010; 2) CPP 0035981 01 - 07/24/2010 to 07/24/2011; 3) CPP 0035981 02 - 07/24/2011 to 07/24/2012; 3) CPP 0035981 03 - 07/24/2012 to 07/24/2013; and 4) CPP 0035981 04 - 07/24/2013 to 07/24/2014. Policy CPP 0035981 04 cancelled effective July 24, 2013. Builders Mutual also issued a Commercial Umbrella Policy for the following periods: 1) UMB 0023391 00 - 10/15/2012 to 07/24/2013; and 2) UMB 0023391 01- 07/24/2013 to 07/24/2014 -- UMB 0023391 01 cancelled effective August 23, 2013.

8. Palmetto Pointe and Love commenced Civil Action No. 2015-CP-10-0955 (the "Civil Action") in the Court of Commons Pleas in Charleston County, South Carolina alleging that the townhome style condominium buildings and clubhouse that comprise the Palmetto Pointe at Peas Island development were improperly constructed by the parties who constructed the buildings, including Tri-County Roofing.

9. Palmetto Pointe and Love allege that Tri-County Roofing supplied building materials and performed labor for the installation of roofs, siding, flashing, deck waterproofing and gutters for the construction of buildings at Palmetto Pointe at Peas Island.

10. Palmetto Pointe and Love allege that the buildings constructed in 2006/2007 were constructed improperly and in combination with the weather, repeated water intrusion and other events have resulted in physical damage to the Palmetto Pointe at Peas Island buildings.

11. On May 14, 2015, Palmetto Pointe and Love served Tri-County Roofing with the Summons and Complaint for the Civil Action.

12. In response to the service on May 14, 2015, Tri-County Roofing tendered the Summons and Complaint to insurance companies, other than Builders Mutual, for a defense; and some of those companies agreed to and did began providing a defense to Tri-County Roofing in the Civil Action.

13. On January 18, 2018, Tri-County Roofing tendered the Summons and Complaint to Builders Mutual; and Builders Mutual, at that time, joined in the defense of Tri-County Roofing for the Civil Action.

14. In the Civil Action, Palmetto Pointe and Love produced an estimate for the costs to repair the buildings that provides for the removal and replacement of Tri-County Roofing's work and for the repair of what is alleged to be weather damaged parts of the buildings that were not supplied or installed by Tri-County Roofing.

15. Buiders Mutual brings this civil action pursuant to Fed. R. Civ. P. 57 and The Federal Declaratory Judgments Act, 28 USCA § 2201. Section 2201 provides that in the case of an actual controversy… upon the filing of an appropriate pleading, [a court] may declare the rights and other legal relations of any interested party seek such declaration, whether or not other relief is or could be sought.

16. There is an actual controversy between Builders Mutual and Defendants as to the duty that may exist for Builders Mutual to indemnify Tri-County Roofing for the damages sought or recovered by Palmetto Pointe and Love in the Civil Action.

17. Builders Mutual seeks a declaration that the subject insurance policies do not insure any verdict in favor of either Palmetto Pointe or Love against Tri-County Roofing that represents the costs to remove and replace the work of Tri-County Roofing as stated by the terms and conditions of the insurance policies and applicable insurance law.

18. Builders Mutual seeks a declaration that the subject insurance policies do not insure physical injury to Tri-County Roofing's work as stated by the terms and conditions of the insurance policies and applicable insurance law.

19. Builders Mutual seeks a declaration that the subject insurance policies insure, if at

all, "property damage" but subject only to the terms and conditions of the insurance policies and applicable insurance law.

20. Builders Mutual seeks a declaration that Tri-County Roofing, Palmetto Pointe or Love can only recover insurance to the extent the Defendants prove the amount of "property damage", if any, that may be recoverable by Palmetto Pointe or Love against Tri-County Roofing.

21. Builders Mutual seeks a declaration that Tri-County Roofing's tender to Builders Mutual was untimely in accordance with the terms and conditions of the insurance policies; and, accordingly, Tri-County Roofing is not entitled to be indemnified under the insurance policies for the damage sought or recovered by either Palmetto Pointe or Love in the Civil Action.

22. Builders Mutual reserves the right to rely on other terms and conditions of the insurance policies that may become evident and discovered during the course of the present civil action.

**WHEREFORE**, Plaintiff, Builders Mutual Insurance Company prays for a declaratory judgment against Tri-County Roofing, Palmetto Pointe and Love; and for any other relief that this Court deems reasonable, necessary and just.

                Respectfully submitted

                s/John L. McCants
                John L. McCants (Fed I.D. #4870)
                Rogers Lewis Jackson Mann & Quinn, LLC
                P.O. Box 11803 (29211)
                1901 Main Street, Suite 1200
                Columbia, SC 29201
                Direct Dial 803- 978-2834
                Fax: 803-252-3653
                jmccants@rogerslewis.com
                Attorney for Builders Mutual Insurance Company

May 29, 2019